CHATHAM,
July, 1832.

WAKEMAN and
Wife
v.
ROACHE.

---

### IN CHATHAM SUPERIOR COURT, JULY, 1832.

A. M'LELLAN and Wife, Complainants, and JAMES WALLACE, Administrator, and the MARINE and FIRE INSURANCE BANK, Defendants.

### *In Equity.*

IN this case it appears that M'Lellan now deceased made and executed a mortgage in his life time upon lands and negroes to the defendant, the Marine and Fire Insurance Bank. The Bank is attempting to foreclose its mortgage upon the land, and the bill is filed by the complainants the heir of the deceased mortgagor, residing in and being a citizen of the United States. It seeks to enjoin the defendant, the Bank, from proceeding in the foreclosure of its mortgage upon the land, on the ground, that the personal estate is the primary fund for the payment of debts ; and that complainants are entitled to have the real estate exonerated from the incum-

The equity the court affords a person entitled to real estate by devise, to have the incumbrances upon it discharged as a debt out of the personal estate, goes no farther than as between the heir or devisee of the estate, and the residuary lega-

CHATHAM,
July, 1832.

M'LELLAN and
Another
v.
WALLACE and
Others.

tee; it cannot interfere with the disposition of other parts, as specific or general legacies, much less with the interest of creditors.

If a party has two funds liable to his claim, a person holding an interest in one only, has a right to compel the former to resort to the other if that is necessary for the satisfaction of both: But this rule has no application in a question of right between two different sets of heirs, one excluded from the real estate by being an alien, but interested in the personal, and a creditor pursuing his lien upon the real estate.

brance of the mortgage. There are *alien* heirs whose incapacity to inherit real estate (but who have an interest in the personal) renders the enforcement of this principle important to the complainants. It will be perceived, from this statement, that this case depends upon the equity which the heir or devisee has, to compel an application of the personal in exoneration of the real estate. The order of marshalling assets for payment of debts, according to the rule in England, is undoubtedly, to apply first, the general personal estate. The complainants' counsel insists upon the same rule, and contends that the various statutory enactments of Georgia, in relation to the duties of executors and administrators, the directions and restrictions in regard to the sale of particular parts or kinds of estate, the order of paying debts, &c., corroborate the rule, and point to the personal as the primary fund. On the other hand it is said, that the uniform application of such a rule here, would be productive of great mischief and inconvenience from the difference in the value of lands between this country and England, and the increased value of personal property resulting from the slave population; from the difference in the rules by which land descends, its liability to be sold absolutely for payment of debts, together with its frequent inutility and unproductiveness as a means of immediate income. The court does not find it necessary to the decision of the motion before it to express any opinion upon this point—it is properly a question between those claiming an interest in the estate, and ought to be determined upon the merits in a case in which such interests are represented. For the purpose of this motion, we will admit the general rule, as claimed for complainants, and as its consequence, the equity on the part of the heir or devisee to have an incumbrance upon the real estate removed. The important inquiry is, to what extent does that equity exist? We apprehend it is confined as between the heir or devisee and the residuary legatee, or general personal estate. The authorities do not sanction the extention of the principle to specific or pecuniary legatees, or to a case in which the rights and interests of creditors are concerned. 1 Mad. Ch. 624. 2 Fonbl. 293, note. 2 Vern. 477. 2 Ves. Jr. 65. In which last case Ld. Chancellor Rosslyn says, "The equity the court affords a person entitled to real estate by devise, to have the incumbrances upon it discharged as a debt out of the personal estate can go no farther than this; as between the heir or devisee of the estate and the residuary legatee; it cannot interfere with the dispositions of other parts, as specific or general legacies, much less with the interest of creditors."

The complainants' counsel, however, has mainly relied upon the fact, that the bank holding a lien upon both the real and personal estate may be compelled to resort in the first instance to the personal, *without detriment* to itself. It is a

CHATHAM,
July, 1832.

M'LELLAN and
Another
v.
WALLACE and
Others.

rule that if a party has two funds liable to his claim, a person holding an interest in one only, has a right to compel the former to resort to the other, if that is necessary for the satisfaction of both. It is applied in favor of a junior creditor having a lien on one fund against a prior creditor having a lien on two. It is this rule which has given rise to the marshalling of assets. A simple contract creditor, who is likely to be defeated in his claim, by the application of the personal estate, in discharge of specialty debts, may have the assets marshalled in his favor and be permitted to stand in the place of the specialty creditor. So legatees are entitled to have assets marshalled as against estates descended, and to stand in the place of mortgagees. It does not appear to the court upon any principle to be extracted from this rule, or from any precedent which the cases afford, that in a question of right between two different sets of heirs, the one excluded from the real estate because an alien, but interested in the personal, the rule could be made to apply to a creditor pursuing his lien upon the real estate. The rule as between creditors springs from a principle of equity, and is founded in natural justice. In such a case but for the interference of the court, the demand of the second creditor could not be satisfied. In the cases of substitution, the creditor is not restrained, but that principle is applied to give effect to the will of the testator, without the application of which principle it would be defeated. In the present case, the administrator may file a bill to have the rights of the parties declared; or the heir interested in the real estate may file his bill to bring forward the administrator to exonerate the estate, (as in the present instance) when, and perhaps it may be necessary to make the alien heirs parties, the rights of the different heirs may be declared, and the assets administered as they ought to have been, without interfering at all with the creditor. According to the English doctrine, the personal representative in every case is to pay the mortgage if there are assets, and it would consequently be a proper time to call upon him by making him a party in a bill to foreclose. Yet it has been decided that this need not be done. The mortgagee has nothing to do with the personal representative; who must be brought forward by the heir to exonerate the estate. Bradshaw *v.* Ontram, 13 Ves. 235. Dunscombe *v.* Hernsley, 3 P. Wms. 334, note.

It is therefore adjudged that the motion for injunction must be denied, and the rule discharged.